UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JORDAN TORRES,

                    Plaintiff,

            -against-

CITY OF NEW YORK; Police Officer JAMES BURPOE, Shield No. 13067; Police Officer FIDEL SANTIAGO, Shield No. 929; Police Officer NIKIA CAPO, Shield No. 12021; Sergeant MAHBUBUR KAHN; Police Officer ROBERT LENIHAN, Shield No. 746; and JOHN and JANE DOE 1 through 10,

                  Defendants.
------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

16 CV 7257 (PAE)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff, Mr. Jordan Torres, is a resident of New York County in the State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer James Burpoe, Shield No. 13067 ("Burpoe"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Burpoe is sued in his individual and official capacities.

10. Defendant Police Officer Fidel Santiago, Shield No. 929 ("Santiago"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Santiago is sued in his individual and official capacities.

11. Defendant Police Officer Nikia Capo, Shield No. 12021 ("Capo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Capo is sued in his individual and official capacities.

12. Defendant Police Officer Robert Lenihan, Shield No. 746 ("Lenihan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lenihan is sued in his individual and official capacities.

13. Defendant Sergeant Mahbubur Kahn, ("Kahn"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kahn is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17.     After midnight on August 29, 2015, Mr. Torres entered the lobby at 611 West 135th Street in Manhattan.

18.     Moments later, without warning, defendant officer James Burpoe struck Mr. Torres twice in the face with a hard object believed to be a walkie-talkie.

19.     The assault was completely unjustified.

20.     Upon information and belief, the other defendant officers observed the assault and were in a position to intervene on plaintiff's behalf, but failed to do so.

21.     Following the assault, although the need for Mr. Torres to receive medical treatment was both obvious and known to the defendant officers, Mr. Torres was taken directly to a police precinct instead of a hospital.

22.     Mr. Torres was ultimately taken from the precinct to Harlem Hospital Center where he was diagnosed with, *inter alia*, a fracture of the left nasal process of the maxilla, and received sutures to his left eye area.

23.     Mr. Torres suffered permanent injuries as a result of this vicious attack,

including scarring on his face.

24. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

25. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

26. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

27. Mr. Torres suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, pain, bodily injury and anxiety.

## FIRST CLAIM
### Unreasonable Force

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law Assault and Battery

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

33. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

34. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Negligent Hiring, Training & Retention

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

37.  Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

38.  Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

39.  Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

40.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Intentional Infliction of Emotional Distress

41.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.  By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so

extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

43.   The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

44.   Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

45.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligent Infliction of Emotional Distress

46.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.   By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

48. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

49. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure to Intervene

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   January 31, 2017
         New York, New York

HARVIS & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@civilrights.nyc

*Attorneys for plaintiff*